# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRUCE ZAK,
an individual,

      Plaintiff,

                            Case No. _____

v.                                 Jury Trial Demanded

FACEBOOK,
a Delaware corporation,

      Defendant.

---

## COMPLAINT FOR PATENT INFRINGEMENT

Bruce Zak ("Plaintiff" or "Zak") brings this complaint for infringement of U.S. Patent Nos. 8,713,134 ("the '134 Patent") (Exhibit A) and 9,141,720 ("the '720 Patent") (Exhibit B) (collectively "the Patents-In-Suit") against Facebook, Inc. ("Defendant" or "Facebook") under 35 U.S.C. §§ 271, 283, 284, and 285.  In connection with its patent infringement claims, Zak states as follows:

### THE PARTIES

1. Plaintiff Bruce Zak is a Michigan individual having a residence located in Oakland County, Michigan.

2.     On information and belief, Defendant Facebook is a Delaware corporation and has its corporate headquarters at One Hacker Way, Menlo Park, California 94025.

## JURISDICTION AND VENUE

3.     This action for patent infringement arises under the laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 et seq.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

5.     This Court has personal jurisdiction over Facebook because Facebook: (a) has transacted and continues to transact business in Michigan, and (b) has and continues to cause acts of patent infringement in Michigan by and through the operation of Facebook's interactive social-media website at www.facebook.com ("the Facebook Website"), and therefore has in the past and continues to cause harm to Zak in Michigan as a result of acts Facebook has and continues to commit both inside and outside of the state of Michigan.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## FACTUAL BACKGROUND

7.     The '134 Patent was duly issued by the United States Patent and Trademark Office ("USPTO") on April 29, 2014.  A true and correct copy of the '134 Patent is attached as Exhibit A.

8.     The '720 Patent is a continuation of the '134 Patent. The '720 Patent was duly issued by the USPTO on September 22, 2015.  A true and correct copy of the '720 Patent is attached as Exhibit B.

9.     Zak is a co-inventor on the '134 Patent and the '720 Patent.

10.     The '134 Patent and the '720 Patent are assigned to and solely owned by Zak.

11.     Zak is the President and owner of EveryWare, Inc., a Michigan company ("EveryWare").

12.     EveryWare is in the business of developing and selling web-based solutions to customers.

13.     EveryWare is a licensee of the '134 Patent and the '720 Patent.

14.     EveryWare provides web-based content management solutions through its 7ware portal.

15.     EveryWare has marked its website at http://www2.7ware.com with the '134 Patent number since April 29, 2014 and the '720 Patent number since September 22, 2015 and continues to mark its website with these patent numbers.

16.     Facebook has made and used and continues to make and use the Facebook Website, which infringes the '134 Patent and the '720 Patent.

17.     Facebook derives revenue from its use of the Facebook Website.

18.     Facebook has had at least constructive notice of the '134 Patent and the '720 Patent since the time that EveryWare began marking the respective patent numbers on its web site.

19.     Facebook has had actual notice of its infringement of the '134 Patent and the '720 Patent at least as of the date of being served with this Complaint.

## COUNT I – INFRINGEMENT OF THE '134 PATENT

20.     Zak incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

21.     The Facebook Website infringes multiple claims of the '134 Patent (which Zak will explicitly and particularly assert during the litigation), including, without limitation and for demonstrative purposes only, claim 30 of the '134 Patent.

22.     Claim 30 of the '134 Patent is a dependent claim, which depends from independent claim 29, which together recite:

> 29.  A network interface management system, comprising:
>
> an interface subsystem, including at least one portal configured to capture a plurality of input

4

characteristics from users of the system, the input characteristics including at least one of text, graphics, sounds, documents and multi-media content;

a content subsystem, including a network interface, a plurality of configurable applications and a plurality of configurable links, the configurable applications including at least a biography application providing biographical information about the users of the system and groups of the users of the system, and a second application distributing content to the users of the system;

wherein said system provides for selectively generating one or more said configurable applications from said plurality of input characteristics; and

wherein said system provides for automatically embedding one or more said configurable links pointing to said generated configurable applications on said network interface based at least in part on a profile attributed to a current user of said system and at least one business rule that utilizes profiles to determine what content can be viewed.

30. The system of claim 29, wherein said plurality of input characteristics include a start date, and wherein said configurable links are embedded on said network interface in accordance with said start date.

23.     The Facebook Website includes an interface subsystem, including at least one portal configured to capture a plurality of input characteristics from users of the Facebook Website, the input characteristics including at least one of text, graphics, sounds, documents and multi-media content.

24.     By way of example only and without limitation, the "Home" page of a Facebook user, which includes at least one portal configured to capture a plurality of input characteristics from users of the Facebook Website, is an interface subsystem.

25.     The Facebook Website includes a content subsystem, including a network interface, a plurality of configurable applications and a plurality of configurable links, and the configurable applications include at least a biography application providing biographical information about the users of the system and groups of the users of the system, and a second application distributing content to the users of the system.

26.     By way of example only and without limitation, the combination of the "About" application (i.e., a biography application) and at least one of the "Timeline" and/or "Newsfeed" applications (i.e., applications that distribute content to users) of the Facebook Website is a content subsystem.

27.     By way of example only and without limitation, the "About", "Timeline" and/or "Newsfeed" applications each include a plurality of configurable links.

28.     The Facebook Website provides for selectively generating one or more of the configurable applications from the plurality of input characteristics.

6

29.    By way of example only and without limitation, Facebook's "About", "Timeline" and "Newsfeed" applications each are generated from a plurality of input characteristics captured from users of Facebook.

30.    The Facebook Website provides for automatically embedding one or more configurable links pointing to the generated configurable applications on the Facebook Website.

31.    By way of example only and without limitation, the Facebook Website provides for automatically embedding one or more configurable links to point to the "About", "Timeline" and/or "Newsfeed" applications, as well as many other configurable applications, including photographs, posts and other units of content provided on the Facebook Website.

32.    At least some of the configurable links on the Facebook Website are embedded based at least in part on a profile attributed to a current user of the Facebook Website and at least one business rule that utilizes profiles to determine what content can be viewed.

33.    By way of example only and without limitation, the Facebook Website includes a business rule, which is configurable by a user of the Facebook Website through the "Settings" / "Privacy" portal that utilizes profiles to determine what content can be viewed.

34.     The input characteristics that may be input by a user of the Facebook Website include a start date, and configurable links are embedded on the Facebook Website in accordance with the start date.

35.     By way of example only and without limitation, the Facebook Website enables users to input a start date upon which a post is scheduled to appear on the "Timeline" of a page, and configurable links associated with the post are embedded on the Facebook Website in accordance with the start date.

36.     Therefore, all of the elements of claim 30, for example and without limitation, of the '134 Patent are embodied in the Facebook Website.

37.     Facebook directly infringes one or more claims of the '134 Patent under 35 U.S.C. §271(a), literally or under the doctrine of equivalents, by making, using, selling and/or offering to sell the Facebook Website.

38.     Facebook's infringing activities have and continue to directly and proximately cause damages to Zak.

39.     Facebook's ongoing infringement of the '134 Patent causes irreparable harm to Zak.

## COUNT II – INFRINGEMENT OF THE '720 PATENT

40.     Plaintiffs incorporate by reference each and every one of the preceding allegations as if set forth fully herein.

41.    The Facebook Website infringes multiple claims of the '720 Patent (which Plaintiffs will explicitly and particularly assert during the litigation), including, without limitation and for demonstrative purposes only, claim 11 of the '720 Patent.

42.    Claim 11 of the '720 Patent recites:

11.  A system, including a computer, for managing content displayable on a collection of web pages to multiple users of the system who have profiles stored on the system, the users including an administrator of the collection of web pages, comprising:

a plurality of configurable applications that are managed by the computer, including at least a first configurable application and a second configurable application, wherein the first and second configurable applications each includes content displayable on the collection of web pages, wherein the content includes at least one of text, graphics, sounds, documents, and multi-media content;

wherein the first configurable application is a biography application that displays biographical information about the administrator of the collection of web pages;

wherein the second configurable application is generated by the computer at least in part based on content received from the administrator and at least in part based on content received from one or more of the other users of the system;

at least one application link on at least one of the web pages that points to at least one of the plurality of configurable applications so as to enable the users to selectively activate the configurable application to which the application link points;

a first business rule that is configurable by the administrator, wherein the system uses the first business rule and information in user profiles to determine which content of the second configurable application is viewable by which of the other users of the system; and

a second business rule that is configurable by the administrator, wherein the system uses the second business rule and information in user profiles to determine which of the other users of the system are permitted to provide content to the second configurable application.

43.   The Facebook Website includes a plurality of configurable applications that are managed by the computer, including at least a first configurable application and a second configurable application, wherein the first and second configurable applications each includes content displayable on the collection of web pages, wherein the content includes at least one of text, graphics, sounds, documents, and multi-media content.

44.   By way of example only and without limitation, the "About", "Timeline" and "Newsfeed" applications of the Facebook Website are configurable applications that are managed by a computer, and each includes at least one of text, graphics, sounds, documents, and multi-media content displayable on web pages.

45.   At least one of the configurable applications on the Facebook Website is a biography application that displays biographical information about the administrator of the collection of web pages.

46.     By way of example only and without limitation, the "About" application of the Facebook Website is a biography application that displays biographical information about the administrator of the collection of web pages.

47.     At least one of the configurable applications on the Facebook Website is generated by the computer at least in part based on content received from the administrator and at least in part based on content received from one or more of the other users of the system.

48.     By way of example only and without limitation, Facebook's "Timeline" and/or "Newsfeed" applications are generated by a computer at least in part based on content received from the administrator and at least in part based on content received from one or more of the other users of the system.

49.     At least one application link on at least one of the web pages of the Facebook Website points to at least one of the plurality of configurable applications so as to enable the users to selectively activate the configurable application to which the application points.

50.     By way of example only and without limitation, the Facebook Website includes application links that point to the "About", "Timeline" and "Newsfeed" applications and the application links enable users to selectively activate the "About", "Timeline" and "Newsfeed" applications, respectively.

51.     The Facebook Website includes at least a first business rule that is configurable by the administrator, wherein the Facebook Website uses the first business rule and information in user profiles to determine which content of a configurable application is viewable by which of the other users of the system.

52.     By way of example only and without limitation, the Facebook Website includes a first business rule, which is configurable by the administrator through the "Settings" / "Privacy" portal, that is used by the Facebook Website, together with information in user profiles, to determine which content of one or more of the "Timeline" and/or "Newsfeed" applications is viewable by which of the other users of the Facebook Website.

53.     The Facebook Website includes at least a second business rule that is configurable by the administrator, wherein the Facebook Website uses the second business rule and information in user profiles to determine which of the other users of the system are permitted to provide content to the second configurable application.

54.     By way of example only and without limitation, the Facebook Website includes a second business rule that is configurable by the administrator through the "Settings" / "Timeline and Tagging" portal, which is used by the Facebook Website, together with information in user profiles, to determine which

of the other users of the Facebook Website are permitted to provide content to the "Timeline" application.

55.   By way of further example only and without limitation, the Facebook Website includes a second business rule that is configurable by the administrator through the "Newsfeed" / "Edit Preferences" portal, which is used by the Facebook Website, together with information in user profiles, to determine which of the other users of the Facebook Website are permitted to provide content to the "Newsfeed" application.

56.   Therefore, all of the elements of claim 11, for example and without limitation, of the '720 Patent are embodied in the Facebook Website.

57.   Facebook directly infringes one or more claims of the '720 Patent under 35 U.S.C. §271(a), literally or under the doctrine of equivalents, by making, using, selling and/or offering to sell the Facebook Website.

58.   Facebook's infringing activities have and continue to directly and proximately cause damages to Zak.

59.   Facebook's ongoing infringement of the '720 Patent causes irreparable harm to Zak.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zak prays for relief as follows:

A.     For a judgment declaring that Facebook has infringed the Patents-In-Suit;

B.      For a judgment awarding Zak compensatory damages as a result of Facebook's infringement of the Patents-In-Suit, together with interest and costs, and in no event less than a reasonable royalty;

C.     For an equitable accounting to be ordered for determining the profits of and other sums Facebook has derived from the complained-of patent infringement, and for such an amount to be paid over to Zak as an equitable remedy;

D.     For a judgment declaring that this case is exceptional and awarding Zak its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284-285 and Rule 54(d) of the Federal Rules of Civil Procedure;

E.     For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Facebook from further acts of infringement.

F.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff Zak hereby demands a trial by jury in this action.


Dated:  September 29, 2015                    Respectfully submitted,

                                             By:    /s/ Glenn E. Forbis
                                                    Glenn E. Forbis (P52119)
                                                    David P. Utykanski (P47029)
                                                    J. Bradley Luchsinger (P76115)
                                                    Harness, Dickey & Pierce PLC
                                                    5445 Corporate Drive, Suite 200
                                                    Troy, MI  48098
                                                    248-641-1600
                                                    gforbis@hdp.com
                                                    davidu@hdp.com
                                                    bluchsinger@hdp.com

                                                    Counsel for Plaintiff Bruce Zak

19981843.1