# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRUCE ZAK,
an individual,

    Plaintiff,

v.

FACEBOOK, INC.,
a Delaware corporation,

    Defendants.

Case No. 15-13437

Hon. Terrence G. Berg

## ORDER APPOINTING
## CHRISTOPHER G. DARROW AS SPECIAL MASTER

On June 15, 2018 the Court issued an order regarding the appointment of a special master, which required any objections to the appointment to be filed by June 29, 2018 (Dkt. 89). Neither party objected to Mr. Darrow's qualifications, however, Plaintiff objected to the additional costs associated with appointing a Special Master (Dkt. 83). During a hearing on the record held on July 25, 2018, the Court overruled Plaintiff's objections. Therefore, pursuant to Rule 53 of the Federal Rules of Civil Procedure, and the Court's inherent authority, the Court orders as follows:

1.  Christopher G. Darrow is appointed as a special master in this complex patent infringement case. As a special master, Mr. Darrow shall act as a confidential advisor to the Court with regard to matters requiring technical expertise. In addition, the Court may direct Mr. Darrow to meet and confer with the parties in an effort to resolve any dispute or motion without formal adjudication, and to facilitate settlement of the litigation. Mr. Darrow shall have no power to issue any order or make any binding decision.

2.  Taking into account all of the factors and requirements set forth in Rule 53(g), the Court determines that Mr. Darrow shall be compensated at a rate of $300 per hour for his time and be reimbursed for all reasonable expenses. One-half of Mr. Darrow's fees and expenses shall be paid by Plaintiff and one-half shall be paid by Defendant, subject to eventual shifting if the Court finds that to be appropriate. Mr. Darrow will invoice the parties monthly, and the parties shall pay Mr. Darrow's invoice within 60 days of receiving his invoice. Any dispute regarding Mr. Darrow's fees and expenses shall be resolved by the Court.

3. The Court is authorized to have ex parte communications with Mr. Darrow orally and in writing. All such communications shall be confidential and not subject to disclosure or discovery. Counsel for the parties shall not have ex parte communications with Mr. Darrow about the merits of any matter. However, counsel may communicate ex parte with Mr. Darrow regarding the scheduling of any conferences or procedures to be followed.

4. The Court shall review the premises and need for this Order over the next 90 day period, and hereby **sets a telephonic status conference** with the parties to discuss the progress of the same on **November 7, 2018 at 10:00 a.m. EST**. Plaintiff to initiate the call.

SO ORDERED.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 26, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb  
Case Manager